**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121921

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory P. Mango,<br><br>              Plaintiff,<br><br>  v.<br><br>Breitbart News Network, LLC,<br><br>              Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gregory P. Mango ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Breitbart News Network, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein provides photojournalism goods and services and owns the rights to Photograph which Plaintiff licenses to online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's Photograph and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as www.breitbart.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Gregory P. Mango is an individual who is a citizen of the State of New York and maintains a principal place of business at 210 17th Street, Unit 3, Brooklyn, NY 11215.

7. On information and belief, Defendant Breitbart News Network, LLC, is a Delaware limited liability company with a principal place of business of 149 S Barrington Ave #735, Los Angeles, California 90049 in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Breitbart News Network, LLC because Breitbart News Network, LLC maintains its principal place of business in California.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Breitbart News Network, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

PLAINTIFF'S COMPLAINT

**FACTS COMMON TO ALL CLAIMS**

11. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's Photograph while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

15. The Website is popular and lucrative enterprises that purposefully displays celebrity and/or news photograph including Plaintiff's copyrighted photograph.

16. The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendant profits from these activities.

17. On February 6, 2017 Plaintiff Gregory P. Mango authored a photograph of the suspected Queens jogger-killer in New York being led away by the police (the "Photograph). A copy of the Photograph is attached hereto as Exhibit 1.

18. Plaintiff applied to the USCO to register the Photograph on March 26, 2017 under Application No. 1-4464896215.

19. The Photograph was registered by USCO on March 26, 2017 under Registration No. VA 2-036-434.

20. Plaintiff observed the Photograph on Defendant's domain www.breitbart.com on July 16, 2018. A copy of Screengrab of Defendant's

PLAINTIFF'S COMPLAINT

website including the Photograph is attached hereto as Exhibit 2.

21. A copy of the Photograph was stored and displayed on Defendant's domain www.breitbart.com at the following URL: https://www.breitbart.com/big-government/2017/11/21/queens-joggers-alleged-killer-finished-off-strangled-got-wiped-off-blood/.

22. The URL of the Photograph that was stored at the above-noted page on the Website was https://media.breitbart.com/media/2017/11/Suspect-Queens-Jogger-Killer-640x480.jpg.

23. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed Plaintiff entire copyright protected Photograph as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

24. On information and belief, the Photograph was copied, modified, stored and/or displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

25. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

26. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

27. On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing authors as Defendant's agents, including but not limited to Katherine Rodriguez whose LinkedIn page (https://www.linkedin.com/in/katherine-rodriguez-96616432 ) lists her as a reporter for Defendant (hereinafter collectively referred to as

"Employees") who are each responsible for operating and controlling the activities on the Website.

28. On information and belief, the Photograph was volitionally posted to the Website by Employees.

29. On information and belief, at all material times the Employees were acting within the course and scope of their employment when they volitionally posted the Infringement.

30. On information and belief, at all material times the Employees were acting within the course and scope of their agency when they volitionally posted the Infringement.

31. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

32. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

33. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

34. On information and belief, Defendant's Employees had complete control over and actively reviewed and monitored the content posted on the Website.

35. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement. Specifically, by way of the Infringement, the Website had increased traffic to the and, in turn, realized an increase its

advertising revenues and/or merchandise sales.

36. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

37. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

38. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

39. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

40. The Photograph is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

41. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

42. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

43. Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

44. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated,

posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing articles on the Website.

45. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

46. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

47. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

48. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendants infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to

|   |   |   |
|---|---|---|
|   |   | $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger; |
|   | c. | for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works; |
|   | d. | for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505; |
|   | e. | for pre judgment interest as permitted by law; and |
|   | f. | for any other relief the Court deems just and proper. |

DATED: May 2, 2021

**BARSHAY SANDERS, PLLC**

By:   /s/ Craig B. Sanders
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121921